## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:20-cv-00610-MAB |
| | ) |
| LIEUTENANT CRANK, et al., | ) |
| | ) |
|       Defendants. | ) |

### PLAINTIFF'S BRIEF IN SUPPORT OF PROCEEDING AS "JOHN DOE"

Plaintiff is an inmate who was brutally raped and threatened by his cellmate. After jail personnel failed to perform an adequate investigation, Plaintiff brought this § 1983 lawsuit to vindicate his constitutional rights. However, should his identity be revealed, Plaintiff credibly fears that he will be physically attacked or even killed. Therefore, the Court should allow Plaintiff to be identified as "John Doe" for the purposes of this case.

### BACKGROUND

Plaintiff is an inmate in the Federal Bureau of Prisons. *See* Docket Entry ("DE") 14, p. 1. At all times relevant to this case, Plaintiff was housed at the United States Penitentiary in Marion, Illinois. *Id.* In December 2019, Plaintiff was raped at knifepoint by his cellmate. *Id.* at 6. In January 2020, the cellmate once again raped Plaintiff. *Id.* The cellmate told Plaintiff that if he spoke of this to anyone, he and his "native brothers" would kill Plaintiff. *Id.*

On January 13, 2020, Plaintiff reported the brutal sexual assaults to Lieutenant Crank. *Id.* at 6-7. Inexcusably, Lt. Crank failed to investigate or even provide Plaintiff with adequate medical care. *Id.* Lt. Crank later retaliated against Plaintiff by sending him to the Special Housing Unit. *Id.* Lt. Crank failed to take any steps to investigate the sexual assaults or otherwise preserve the

physical evidence. *Id.* Investigator Huckleberry did not begin to investigate the assaults until at least 21 days later. *Id.*

On June 24, 2020, Plaintiff filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis*. DE 1 & 2. In the caption of his original filings, Plaintiff wrote: "UNDER SEAL." DE 1 & 2. The Clerk of Court construed this as a motion to seal. *See* DE 3 & 4. On July 28, 2020, the Honorable J. Phil Gilbert granted the motion to seal. DE 11. On July 2, 2021, the Honorable Mark A. Beatty was assigned to this case. DE 36.

On November 17, 2021, the Court ordered supplemental briefing on whether this case should remain under seal or whether Plaintiff should be allowed to proceed under an alias. DE 42, p. 4.

## ANALYSIS

The Court requested briefing on "whether the facts of this case warrant some level of anonymity." *Id.* For the reasons stated below, the Court should allow Plaintiff to proceed under the pseudonym "John Doe."

"To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). The Seventh Circuit has emphasized that "a litigant's use of a fictitious name is warranted" when it is needed to protect "the identities of 'children, **rape victims**, and other particularly vulnerable parties.'" *Id.* (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)) (emphasis added). Moreover, "a party's allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity." *Id.* (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

When deciding whether a plaintiff should be allowed to proceed under a pseudonym, courts also consider the following factors: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (quoting *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)).

Under Seventh Circuit precedent, Plaintiff should be allowed to proceed as "John Doe" because he is a rape victim. *See Vill. of Deerfield*, 819 F.3d at 377 (noting that "a fictitious name is warranted" if it is needed to protect the identity of a "rape victim[]"). Further, given the credible threats on his life, the risk of retaliation is a "compelling ground" in favor of proceeding anonymously. *Id.* Indeed, the Seventh Circuit recently granted a request to use a pseudonym because the plaintiff was abused and was afraid of retaliation. *E.F.L. v. Prim*, 986 F.3d 959, 961 n.1 (7th Cir. 2021) ("Because of E.F.L.'s allegations of domestic abuse and her fear of retaliation, this court granted her motion to use a pseudonym while pursuing this appeal."). Thus, the Court should allow Plaintiff to proceed under the name "John Doe."

The factors set forth in *Doe v. Purdue University* also weigh strongly in favor of proceeding under a pseudonym. First, Plaintiff is bringing a lawsuit against government officials for their failure to conduct an adequate investigation as well as their failure to provide adequate medical care. This weighs in favor of anonymity. *See Purdue Univ.*, 321 F.R.D. at 341–42 ("Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and under Title IX for the inadequate procedures Plaintiff alleges are effectively dictated by the April 2011 Dear Colleague

Letter. This first factor favors Plaintiff's request to proceed pseudonymously."); *Doe v. City of Indianapolis, Ind.*, No. 1:12-CV-00062-TWP, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) ("Generally, where a plaintiff attacks governmental activity, … the plaintiff's interest in proceeding anonymously is considered particularly strong.").

Second, Plaintiff is required to disclose information of the utmost intimacy. Put frankly, Plaintiff was forcibly raped on several occasions by an inmate, which weighs strongly in favor of proceeding anonymously. *See Doe v. Cook Cty., Illinois*, No. 1:20-CV-5832, 2021 WL 2258313, at *4 (N.D. Ill. June 3, 2021) ("Allegations of sexual assault are quintessential instances of highly sensitive, personal matters that involve disclosure of information of the utmost intimacy."); *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1320 n.1 (S.D. Fla. 2020) ("[T]he subject matter involves information of the 'utmost intimacy,' including sexual assault."). Indeed, on the subject of sexual assaults in prison, Judge Magnus-Stinson reasoned as follows:

> Undoubtedly, Plaintiff's allegations that she was raped and assaulted by fellow inmates would require her to disclose matters of the utmost intimacy, especially considering she alleges that the inmates sexually assaulted her with a broomstick. [Dkt. 1 at 4.] Rape victims are one of the few exceptions to the Seventh Circuit's well-established rule that litigants will proceed under their real names. *See Blue Cross & Blue Shield United,* 112 F.3d at 872 ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."). For these reasons, the second factor strongly favors Plaintiff's anonymity.

*Doe v. Marvel*, No. 1:10-CV-1316-JMS-DML, 2010 WL 5099346, at *2 (S.D. Ind. Dec. 8, 2010).

The third factor is not applicable.

The fourth factor weighs strongly in favor of proceeding under an alias because Plaintiff was brutally raped and threatened by his cellmate. *See, e.g.*, *Doe v. Purdue Univ.*, No. 4:18-CV-89-JEM, 2019 WL 1757899, at *3 (N.D. Ind. Apr. 18, 2019) ("There is a documented risk of retribution to individuals who allege sexual assault . . . . Accordingly, the Court finds that this fourth factor supports Plaintiffs' use of pseudonyms."); *Doe v. Cty. of Milwaukee*, No. 14-C-200,

2015 WL 5794750, at *2 (E.D. Wis. Oct. 2, 2015) (permitting plaintiff to proceed under an alias because of the "repeated sexual assaults" and "the threat of humiliation and retaliation for bringing this action[.]"); *Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *3 (S.D. Ind. Aug. 7, 2006) ("Turning to the fourth factor, … Plaintiffs' fears that they and their families could be subject to physical harm as a result of participating in this lawsuit are legitimate.").[1]

Fifth, there will be no prejudice to the Defendants because they are aware of Plaintiff's true identity. *See Doe v. Purdue Univ.*, No. 4:19-CV-56-TLS-JPK, 2019 WL 3887165, at *4 (N.D. Ind. Aug. 19, 2019) ("Defendants presented no argument that they will be impeded in presenting their defense in this Court if Plaintiff is permitted to proceed anonymously. Accordingly, this factor favors Plaintiff."). Moreover, it is worth emphasizing that the Defendants are merely government employees who failed to adequately investigate the sexual assaults.

Further, unsealing the case but allowing Plaintiff to continue as "John Doe" would serve the public interest. *See Purdue Univ.*, 321 F.R.D. at 343 ("[T]he public interest will continue to be served as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. The courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identities of Plaintiff and his accuser are of minimal value to the public.").

Furthermore, courts within the Seventh Circuit have previously granted requests to proceed under an alias. *See, e.g., Doe v. Twp. High Sch. Dist. 214*, No. 19-CV-3052, 2020 WL 1081726,

---

[1] In the event that the Court is currently unpersuaded, Plaintiff respectfully requests that the Court delay ruling upon this issue until fact discovery is complete, or in the alternative, after an evidentiary hearing. *See Doe v. Smith*, 412 F. Supp. 2d 944, 947 (C.D. Ill. 2006) ("[T]he Plaintiff bears a difficult burden in demonstrating that she should be allowed to proceed as Jane Doe. However, the Court concludes she should at least be allowed to engage in discovery before being required to establish that exceptional circumstances are present.").

at *7 (N.D. Ill. Mar. 6, 2020) ("After weighing the legal standard, public policy, and facts presented here, the Court concludes that the case at bar presents 'exceptional circumstances' such that John and Jane may proceed anonymously."); *K.B. by Blade-Thompson v. Fies*, No. 2:17-CV-474-TLS, 2021 WL 981059, at *2 (N.D. Ind. Mar. 16, 2021) ("The Court ORDERS that the first-named plaintiff will continue to be referred to by the initials K.B. and that any documents, exhibits, transcripts, recordings, etc. filed with the Court shall be redacted to protect the identity of K.B.'s name."); *AGM v. Mental Health Ctr.*, No. 2:16-CV-25-PRC, 2016 WL 5848693, at *2 (N.D. Ind. Oct. 6, 2016) ("The Court finds that the request to seal the entire docket is not justified but that, under all the circumstances, maintaining Plaintiff and Defendants' anonymity on the public docket is justified."); *City of Indianapolis, Ind.*, 2006 WL 2289187, at *3 ("The court finds that Plaintiffs' need for anonymity outweighs any prejudice to Defendants and the public's interest in knowing their identity.").

Indeed, courts around the nation have held that plaintiffs may proceed under an alias. *See, e.g.*, *Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) ("For foregoing reasons, Plaintiffs' motion for a protective order to proceed pseudonymously is **GRANTED**."); *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 945 (D. Or. 2020) ("This Court will allow Plaintiff to proceed anonymously in this case because this Court finds the need for anonymity outweighs any prejudice to the Defendants and the public."); *Doe v. Washington Univ.*, No. 4:19 CV 300 (JMB), 2019 WL 11307648, at *2 (E.D. Mo. Apr. 2, 2019) ("The female student who filed the complaint against plaintiff will be identified as 'Jane Roe' for the purposes of this litigation."); *Publius v. Boyer-Vine*, 321 F.R.D. 358, 367 (E.D. Cal. 2017) ("For these reasons, the Court GRANTS Plaintiffs' request, Doc. 26, for Doe Publius to proceed anonymously."); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 35 (D.D.C. 2017) ("[P]laintiff's Motion to Proceed

Under Pseudonym is **GRANTED**[.]"); *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) ("[T]he court will grant Doe's motion to proceed under a pseudonym and will enter a protective order prohibiting the use of his real name and the real names of Roe and the other students involved in the disciplinary proceedings during this case."); *Freedom From Religion Found., Inc. v. Emanuel Cty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1362 (S.D. Ga. 2015) ("Accordingly, the Court **GRANTS** plaintiffs' motion to proceed pseudonymously in this litigation (doc. 17).").

## CONCLUSION

As explained above, Plaintiff was brutally raped and threatened by his cellmate. Therefore, the Court should allow Plaintiff to proceed as "John Doe."

Respectfully submitted,

**LEWIS RICE LLC**

By:  /s/ Ryan T. Harding
R. Bradley Ziegler, #6288737
Ryan T. Harding, #6327011
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Tel: 314-444-7792
Fax: 314-612-7792
bziegler@lewisrice.com
rharding@lewisrice.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

 /s/ Ryan T. Harding