IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-00610-MAB |
| | ) |
| DAN SPROUL, ET. AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court as the result of an in-person, sealed hearing conducted on February 9, 2022. At that hearing, the Court discussed with the parties unsealing this matter and the progression of this case overall. As a result of that hearing and this Order, this matter will no longer be fully sealed; however, Plaintiff will be allowed to proceed under a pseudonym, specifically "John Doe."

As a brief summary, this case was sealed at some point very early in the case, likely as a result of the first complaint, and prior to Plaintiff's counsel entering the case (Doc. 1, p. 1). At that time, this case was before another judge in this District (Doc. 36). After this case was reassigned to the undersigned, the Court ordered briefing on the issue of unsealing this case (Docs. 42). The parties responded on December 1, 2021 (Docs. 43, 44) and this matter was set for an in-person status conference to discuss the issue of unsealing this case on February 9, 2022 (Doc. 47).

As the Court has previously outlined in its November 17, 2021 Order, there is a strong presumption in the Seventh Circuit to have open judicial proceedings. *Doe v. Vill. Of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). With that said, there are instances that require a party's name and identity to be concealed. Situations that warrant using a fictitious name include the need to protect the privacy of children, rape and torture victims, and other "particularly vulnerable" individuals. *Id.* When a plaintiff is a "likely target of retaliation by people who would learn [of their] identity" from a judicial opinion or court filing, the district court may grant the use of a pseudonym. *Id.* In fact, a party's allegation of fear of retaliation "is often a compelling ground" in factor of anonymity. *Id.*, citing *Chicago,* 360 F.3d at 669 (citations omitted). The party seeking to proceed anonymously must demonstrate that there are "'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Bates,* No. 3:18-cv-1250-SMY-RJD, 2018 WL 4539034, *1 (N. D. Ill. Sept. 21, 2018) (internal citations omitted).

In both their briefs and during the status conference, Plaintiff and Defendants agree that some level of anonymity is required for this case to proceed due to the severe nature of Plaintiff's claims and his current status as a federal prisoner; however, they also agreed that the entire case should not continue to be sealed (*See generally* Docs. 44; 43, p. 2). Defendants do not argue that they will be prejudiced by Plaintiff's name remaining anonymous, but also outline that, practically speaking, it will be impossible to keep Plaintiff's identity a secret throughout the proceedings (Doc. 43, p. 2). Therefore,

Defendants ask that in the filings, Plaintiff be allowed to use a pseudonym, but that the parties are still able to discuss his name throughout the course of discovery. *Id.*

This Court has discretion in allowing a plaintiff to proceed anonymously and, in this case, agrees with the parties that the use of a fictious name is proper. *R.N. by & through R.T. v. Franklin Cmty. Sch. Corp.*, No. 119CV01922MJDTWP, 2019 WL 4305748, at *2 (S.D. Ind. Sept. 11, 2019) (citing to *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997)).[1] Plaintiff argues, and Defendants do not object, that as a rape victim, precedent supports allowing Plaintiff to proceed under a pseudonym (Doc. 44, p. 3, citing *Vill. of Deerfield*, 819 F.3d at 377 (noting that "a fictitious name is warranted" if it is needed to protect the identity of a "rape victim[]"). Plaintiff is currently housed outside of this District in a different Federal Bureau of Prisons location than where the incident at issue took place;[2] therefore, retaliation factors less into the Court's decision whether to allow Plaintiff to proceed anonymously. Even so, the Court agrees that nature of the alleged sexual assault supports allowing Plaintiff to use a fictitious name, as the details are particularly brutal (*See, e.g.*, Doc. 44, pp. 1-2). Additionally, the Court agrees with Defendants that this Order

---

[1] While the Seventh Circuit has yet to articulate a test, or elements, for determining whether exceptional circumstances exist to justify allowing a party to proceed under a pseudonym, Plaintiff urges the Court to adopt the factors used by the Southern District of Indiana, as well as other Courts within and outside of this Circuit. The non-exclusive factors are as follows: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced." *Doe v. Purdue*, 321 F.R.D. 339 (N.D. Ind. May 31, 2017). The Court is reluctant to formally adopt a set of factors on this topic, but the Court finds these factors to be useful and certainly help guide the undersigned's reasoning both at the hearing and in this Order.

[2] Plaintiff is currently housed at a Federal Correctional Center in Louisiana and the events at issue in his complaint took place at a Federal Correctional Center in Marion, Illinois. *See* Doc. 43, p. 2.

applies to *the filings* in this case, as the parties may have to use Plaintiff's real name during the course of discovery as they exchange information and conduct depositions.

Unlike other cases, where this analysis is conducted at the beginning of the case, this case has been proceeding under seal completely from its inception, so there are documents that will need to be redacted and unsealed; redacted and refiled; and other documents that can be unsealed at this time without further redaction. When analyzing which documents shall remain under seal, the undersigned is cognizant of the Seventh Circuit's opinion that "[w]e hope never to encounter another sealed opinion." *Hicklin Eng'g, L.C.*, 439 F.3d at 349. *See also Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) ("Even in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have opted for redacting instead of sealing the order or opinion."). As such, the Court instructs the parties with the following:

1. Unless otherwise noted in this Order, all documents currently on the docket shall remain sealed. All documents filed on the docket after the filing of this Order will be filed publicly and not automatically under seal.

2. During the February 9, 2022 hearing, the parties agreed that, hereinafter, Plaintiff will be referred to as "John Doe" in all filings.

3. Plaintiff is hereby ordered to file an amended complaint on or before **March 10, 2022**. In the text entry associated with the filing, Plaintiff's counsel shall include a reference to the original complaint by docket entry number only.

4. Plaintiff and Defendants shall refile their consents to Magistrate Judge jurisdiction with the appropriate caption of "John Doe" as Plaintiff's name, on

or before **March 3, 2022**. As with Plaintiff's complaint, the parties shall reference the original consents through docket entry number only in the text entry associated with these filings. The original consents can be found at Docs. 16 and 34, which will remain sealed.

5. The Clerk of Court is **DIRECTED** to file the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act which will replace the current, sealed HIPAA protective order found at Doc. 18. Doc. 18 will remain sealed.

6. The Clerk of Court is **DIRECTED** to **UNSEAL** the Court's November 17, 2021 Order (Doc. 42) as well as the responses from the parties found at Docs. 43 and 44.

7. Additionally, as discussed at the February 9, 2022 status conference, Defendants' current motion to dismiss (Doc. 35) is **DENIED without prejudice** with leave to refile once Plaintiff files his amended complaint and the parties engage in limited discovery on the issue of exhaustion of administrative remedies.

8. The parties are instructed to meet and confer, and establish an agreed-upon discovery schedule for the exchange of documents and records related to the issue of exhaustion. The parties shall submit this discovery schedule to the undersigned's proposed documents email folder on or before **March 17, 2022.** The discovery schedule shall include a discovery deadline of **May 9, 2022**. The

parties shall include dates for briefing the issue of exhaustion in the proposed discovery schedule.

Should the parties feel that other documents currently sealed need to be redacted and refiled, or should be unsealed, the parties should meet and confer prior to contacting the Court.

**IT IS SO ORDERED.**

**DATED: February 24, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
