IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-00610-MAB |
| | ) |
| **DAN SPROUL, ET AL.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 54) and motion for hearing (Doc. 55). For the reasons set forth below, both motions will be denied.

On March 21, 2022, Plaintiff filed a motion for reconsideration, asking the Court to reinstate Defendants' original motion to dismiss, or in the alternative, motion for summary judgment on the issue of exhaustion of administrative remedies (Docs. 35, 54). As a reminder, Defendants' motion to dismiss (Doc. 35) was denied without prejudice during the sealed hearing conducted on February 9, 2022 (Doc. 48). The Court made this decision because the parties communicated that they would like to conduct limited discovery on the issue of exhaustion, as is customary in prisoner civil rights cases. The Court granted Defendants leave to refile, if necessary, their motion for summary judgment on the issue of exhaustion after Plaintiff filed his amended complaint and the parties completed this limited discovery (Doc. 48, p. 5).

In support of the motion, Plaintiff argues that the Defendants' original motion was fully briefed and ready for a ruling, and that the Court erred in not ruling on the merits. Plaintiff then seems to argue, confusingly, that the undersigned should deny the motion and then set this matter for a *Pavey* hearing. Alternatively, Plaintiff argues that the Court should take judicial notice of certain admissions made by Defendants in the first motion for summary judgment, which would result in Defendants being estopped from filing a second motion for summary judgment on the issue of exhaustion. Counsel appears to be misreading *Pavey* and the subsequent case law on the issue of exhaustion. The Court will provide a brief explanation here; however, the Court also urges counsel to review and utilize the resources available to appointed counsel to assist in litigating prisoner cases (Doc. 17).[1]

"A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have

---

[1] In the original Order appointing counsel, counsel was instructed to contact a Mr. Chapman; however, Mr. Chapman tragically passed away last year. Court-appointed attorneys are now directed to contact Alan Mills, as the district court has entered into an agreement with attorney Mills and the Uptown People's Law Center. They are available to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

been discovered." *Battle v. Smoot*, 2018 WL 2604855, at *2 (S.D. Il. June 4, 2018). The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011)). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted). A defendant brings the issue of exhaustion to the attention of a Court through a motion for summary judgment on the issue of exhaustion, generally after limited discovery on this issue has been conducted. Once a plaintiff has the chance to respond to the motion for summary judgment on the issue of exhaustion of administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)). *Accord Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). However, where there is no disputed issue of fact, the Court will determine that a hearing is not necessary and will rule on the issue of exhaustion on the briefs alone. The Court conducts the hearing while the motion for summary judgment on the issue of exhaustion remains pending. The Court does not deny the motion and then set the matter for a hearing, as Plaintiff argues.[2]

---

[2] Plaintiff's second argument that Defendants made certain judicial admissions and should be estopped from filing another motion for summary judgment is similarly unsuccessful. If anything, Defendants have communicated to the Court that a *Pavey* hearing may be necessary, but the Court will make its determination as to whether to set this matter for a *Pavey* hearing after the motion for summary judgment on the issue of exhaustion is filed.

Plaintiff has not identified a reason for reconsideration that fits into the aforementioned *Battle* standard; therefore, the motion for reconsideration is DENIED (Doc. 54). Similarly, as there is no underlying motion now, the motion for hearing is also DENIED (Doc. 55). The Court wishes to offer one more note about exhaustion and the current trajectory of this case. The parties are in the middle of discovery on the issue of exhaustion. Defendants' renewed motion for summary judgment on the issue of exhaustion is due on or before June 8, 2022 (*See* Doc. 59, Scheduling Order). With this said, if Defendants determine after discovery that they will not pursue exhaustion as an affirmative defense, they shall promptly file a motion withdrawing the defense and the Court will set this matter for a status conference to discuss progressing with merits-based discovery and an updated dispositive motion deadline relating to the merits of this case.

**IT IS SO ORDERED.**

**DATED: April 8, 2022**

s/Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**